UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JONATHAN MICHAEL GREEN, | ) CASE NO. 1:25-cv-1512 |
| Plaintiff, | ) JUDGE CHARLES E. FLEMING |
| v. | ) |
| WILLOUGHBY HILLS POLICE DEPARTMENT, *et al.*, | ) MEMORANDUM OPINION AND ORDER |
| Defendants. | ) |

**I.    INTRODUCTION**

Plaintiff Jonathan Michael Green, proceeding *pro se*, filed a civil rights complaint against the Willoughby Hills Police Department ("WHPD"), as well as nine individual defendants; he asserts various federal claims related to an alleged unlawful traffic stop and search, subsequent state court proceedings, obstruction and suppression of evidence, and retaliatory actions. (ECF No. 1). Plaintiff then filed an amended complaint that added eighteen additional defendants and asserted RICO, § 1983, and criminal statute claims against these new defendants. (ECF No. 22).

With his complaint, Plaintiff filed a motion to proceed *in forma pauperis*. (ECF No. 2). That motion is **GRANTED**. For the reasons discussed below, Plaintiff's complaint and amended complaint are **DISMISSED**.

**II.    BACKGROUND**

On June 28, 2025, WHPD officers initiated and conducted a traffic stop of Plaintiff allegedly due to his "window tint." (ECF No. 1, PageID #3, 5; ECF No. 22, PageID #377–78). Defendants Sergeant Paul Cocanower, Officer Jordan Taylor Warren, and Officer Vincent D'Eusanio, handcuffed and detained Plaintiff, and then searched his vehicle discovering marijuana. (ECF No. 1, PageID #3, 5; ECF No. 22, PageID #377–78). Plaintiff was issued two

traffic citations for violating city ordinances regarding open containers and tinted glass (both minor misdemeanors), which resulted in the initiation of state court proceedings against Plaintiff in the Willoughby Municipal Court on July 14, 2025. *See City of Willoughby Hills v. Green*, Nos. 25CRB01375, 25TRD02827 (Willoughby Mun. Ct. July 14, 2025). These state court proceedings are currently pending, with bench trials set for September 17, 2025. *See id.*

On July 18, 2025, Plaintiff initiated this federal action by filing his initial civil rights complaint. (ECF No. 1). The complaint provides various allegations that: (i) the traffic stop and subsequent search of Plaintiff's vehicle were initiated without probable cause or consent; (ii) various city officials and employees provided delayed, incomplete, or obstructive responses to various records requests by Plaintiff; and (iii) Defendant Chief Matthew Naegele sent a "retaliatory letter to Plaintiff stating that the "matter is closed" in response to sworn affidavits and other notices submitted by Plaintiff to the WHPD and city officials. (*Id.* at PageID #5–13). The same day, Plaintiff filed twelve motions, (ECF Nos. 2–4, 6–7, 9, 11–16), and three notices, (ECF Nos. 5, 8, 10).

On July 28, 2025, Plaintiff filed an amended complaint that purports to add eighteen additional defendants (all various Willoughby city officials or employees) and asserts RICO, § 1983, and criminal statute claims against these new defendants. (ECF No. 22). The same day, Plaintiff filed five affidavits, (ECF Nos. 17–21); he also filed four new motions, (ECF Nos. 25–26, 29–30), two new affidavits, (ECF Nos. 23–24), and three notices, (ECF Nos. 27–28, 31).

### III. STANDARD OF REVIEW

Plaintiff is proceeding *in forma pauperis*, so his complaint is subject to initial screening under 28 U.S.C. § 1915(e)(2)(B). Under that statute, federal district courts are expressly required to screen all *in forma pauperis* complaints filed in federal court, and to dismiss before service any

such complaint that the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) for determining a motion to dismiss under Fed. R. Civ. P. 12 (b)(6) governs dismissals for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)).

To survive a dismissal for failure to state a claim, a *pro se* complaint must set forth sufficient factual matter, accepted as true, to state a plausible claim for relief on its face. *Id.* at 471. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although detailed factual allegations are not required, the "allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Iqbal*, 556 U.S. at 678. Even though the standard of review for *pro se* pleadings is liberal, the generous construction afforded *pro se* plaintiffs has limits. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). *Pro se* plaintiffs must still meet basic pleading requirements, and courts are not required to conjure allegations on their behalf or "guess at the nature" of their claims. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). The Court is not required to conjure unpleaded facts or construct claims against defendants on behalf of a *pro se* plaintiff. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (District courts are not required to conjure up questions never squarely presented to them or to construct full claims from sentence fragments. To do so would "require ... [the courts] to explore exhaustively all potential claims of a pro se plaintiff ... [and] would ... transform the district court from its legitimate

3

advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party.") (citation omitted).

IV. **DISCUSSION**

    A. **Insufficient Pleadings**

Although specific facts are not required, to meet the basic minimum notice pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, the pleadings must give the defendants fair notice of what the Plaintiff's legal claims are and the factual grounds on which they rest. *See Bassett v. Nat'l Collegiate Ath. Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008); *see also Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988) (providing that all complaints must contain either direct or inferential allegations respecting all material elements of some viable legal theory to satisfy federal notice pleading requirements) (citations omitted). Plaintiff's complaint and amended complaint, fail to meet the requisite pleading standard because the pleadings fail to set forth "a short and plain statement of [any] claim showing that [Plaintiff] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Both the complaint and amended complaint provide a bevy of facts and allegations. However, apart from the RICO and criminal statute claims in the amended complaint, it is not entirely clear what specific claims Plaintiff intends to assert in this action. In fact, the pleadings and the attached documents comprise more than 300 pages and consist largely of conclusory allegations, rhetoric, and seemingly unnecessary or inappropriate citations to legal authority. Much of Plaintiff's pleadings are no more than mere "unadorned, the defendant unlawfully harmed me accusation[s]." *Iqbal*, 556 U.S. at 678.

The Court cannot ascertain for certain what specific claims are being asserted and against whom any individual claim is specifically alleged. The pleadings also run afoul of the requirements of Rule 10(b), which requires separately numbered paragraphs and separate "counts"

4

for each claim asserted in a pleading. Fed R. Civ. P. 10(b). The Sixth Circuit has noted that "the separation of claims into separate counts is mandatory only if more than one claim has been joined in a complaint and separation will facilitate clear presentation." *See id.* (citing *Nw. Airlines, Inc. v. Gleen L. Martin Co.*, 9 F.R.D. 551, 552 (N.D. Ohio 1949)). It has also added that the failure to separate each cause of action or claim for relief into separate counts can constitute impermissible "shotgun pleading" that violates the requirement under Rule 10(b). *See Lee v. Ohio Educ. Ass'n*, 951 F.3d 386, 392–93 (6th Cir. 2020) (citing *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 947 (7th Cir. 2013) (holding that a single count raising five causes of action constituted an impermissible "kitchen sink" pleading)). Other circuits have adopted an approach of requiring separate claims to be asserted in separate counts, particularly when the failure to separate results in a lack of proper notice. *See, e.g.*, *Anderson v. Dist. Bd. of Trustees of Cent. Florida Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996); *Stanard v. Nygren*, 658 F.3d 792, 797–98 (7th Cir. 2011).

Here, the lack of any section labeling and setting out the specific claims and causes of action Plaintiff intends to pursue fails to provide sufficient notice to the defendants as to what specific claims are asserted against them. As a result, the Court concludes that the complaint constitutes an impermissible "shotgun pleading." *See Lee*, 951 F.3d at 392–93; *Loggins v. Costco Wholesale Corp.*, No. 2:22-cv-2026, 2022 U.S. Dist. LEXIS 106711, at *8–9 (W.D. Tenn. June 15, 2022) (noting that improper "shotgun pleading" typically arises in disputes involving multiple defendants because the pleadings do not provide sufficient notice as to which defendant is liable for which count).

Although a district court is permitted to dismiss complaints after screening under 28 U.S.C. § 1915(e)(2), the Sixth Circuit has held that dismissing a case for Rule 8 violation without first granting leave to amend and an opportunity to fix pleading deficiencies is a harsh sanction and an

5

abuse of discretion. *See, e.g.*, *Bickham v. Macy's, Inc.*, No. 25-5062, 2025 U.S. App. LEXIS 13278, at *5 (6th Cir. May 30, 2025) ("We have held that a district court abused its discretion when it dismissed a complaint on Rule 8 grounds without granting leave to amend, even when the dismissal was without prejudice."); *Miller v. Alco Mgmt.*, No. 22-5825, 2023 U.S. App. LEXIS 6981, at *4–5 (6th Cir. Mar. 20, 2023) ("Dismissal is a 'harsh sanction' that is generally appropriate only after the court gives 'multiple opportunities to fix the complaint and the plaintiff has persisted in noncompliance.' Thus, before dismissing the case, the district court should have given [the plaintiff] an opportunity to fix the deficiencies it identified in his complaint." (internal citation omitted)). This approach conforms with Rule 15's mandate that leave to amend should be freely granted "when justice so requires." Fed. R. Civ. 15(a). Even so, "[a] court need not grant leave to amend . . . where amendment would be 'futile.'" *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005) (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)).

As a result, the Court will grant Plaintiff leave to amend his complaint to fix the general pleading deficiencies under Rule 8, allowing him an opportunity to address the various pleading deficiencies and provide Defendants sufficient notice of the claims against them. That said, Plaintiff shall not be permitted to amend the specific claims discussed below that are subject to dismissal with prejudice because they would be subject to dismissal regardless of any general pleading deficiencies—rendering any attempt to amend futile.

    **B.**    **Criminal Statutes**

To the extent Plaintiff asserts claims that certain defendants violated 18 U.S.C. § 241 (conspiracy to deny civil rights), 18 U.S.C. § 242 (deprivation of civil rights), 18 U.S.C. § 1512 (tampering with a witness), 18 U.S.C. § 1519 (destruction, alternation, or falsification of records),

6

or any other criminal statute, such claims fail as a matter of law. These various criminal statutes do not create or provide a private right of action for Plaintiff or any private citizen. *See Williams v. Infantino*, No. 5:18-cv-1021, 2018 U.S. Dist. LEXIS 134499, *3 (N.D. Ohio Aug. 9, 2018); *Bey v. Ohio*, No. 1:11-cv-1306, 2011 U.S. Dist. LEXIS 119867, at *7–8 (N.D. Ohio Oct. 17, 2011) (citing *United States v. Oguaju*, 76 F. App'x 579, 2003 WL 21580657, *2 (6th Cir. 2003)). To the extent Plaintiff is attempting to bring criminal charges against the defendants, he lacks standing. *See Williams v. Luttrell*, 99 F. App'x 705, 707 (6th Cir. 2004) (A private citizen "has no authority to initiate a federal criminal prosecution [against] defendants for their alleged unlawful acts.") (citing *Diamond v. Charles*, 476 U.S. 54, 64–65, 106 S. Ct. 1697, 90 L. Ed. 2d 48 (1986)); *Poole v. CitiMortgage, Inc.*, Civil Action No. 14-cv-10512, 2014 U.S. Dist. LEXIS 135488, 2014 WL 4772177, at *5 (E.D. Mich. Sept. 24, 2014)). Thus, any claims asserted under criminal statutes are **DISMISSED WITH PREJUDICE**.

    C.    **RICO Claims**

To the extent that Plaintiff is asserting RICO claims against the defendants named in the amended complaint, those claims also fail as a matter of law. "[T]o state a civil RICO claim, a plaintiff must allege (1) two or more predicate racketeering offenses, (2) the existence of an enterprise affecting interstate commerce, (3) a connection between the racketeering offenses and the enterprise, and (4) injury by reason of the above." *Grow Mich., LLC v. LT Lender, LLC*, 50 F.4th 587, 594 (6th Cir. 2022); *see also* 18 U.S.C. §§ 1961, 1962, 1964. First, the Court has serious doubts that Plaintiff sufficiently alleged the existence of an enterprise that is engaged in or whose actions affect interstate commerce. The enterprise alleged by Plaintiff is a collection of various government officials whose supposed purpose is to stymie both Plaintiff's various records requests and his attempts to initiate investigations into government misconduct. (*See* ECF No. 22, PageID

7

#377–90). The pleadings themselves do not allege any connection between this enterprise, or its predicate RICO actions, with interstate commerce, nor do the pleadings imply any such connection.

Regardless, Plaintiff's RICO claims fail because he lacks standing to assert such claims. To state a civil RICO claim, a plaintiff must allege injury to "business or property by reason of" the alleged violations under § 1962. *See* 18 U.S.C. § 1964(c). The Sixth Circuit has consistently held that this statutory language excludes recovery for personal injuries. *See, e.g.*, *Jackson v. Sedgwick*, 731 F.3d 556, 563–65 (6th Cir. 2013) (en banc) ("[C]ourts 'have uniformly recognized that the ordinary meaning of the phrase 'injured in his business or property' excludes personal injuries, including the pecuniary losses therefrom.'"); *Drake v. B.F. Goodrich Co.*, 782 F.2d 638, 644 (6th Cir. 1986). Here, Plaintiff has failed to allege any damages to his "business or property" and solely alleged damages related to personal injuries. The pleadings do not mention the word property or business and the factual allegations and Plaintiff's claims are clearly related to and intimately associated with injury to his own person. As such, Plaintiff's RICO claims would ultimately be dismissed for lack of standing regardless of any Rule 8 pleading deficiencies. *See Aces High Coal Sales, Inc. v. Cmty. Bank & Tr.*, 768 F. App'x 446, 458 n.5 (6th Cir. 2019) ("The 'injury to business or property' requirement excludes personal injuries and is sometimes characterized as 'statutory standing.'"); *Arnold v. Alphatec Spine, Inc.*, No. 1:13-cv-714, 2014 U.S. Dist. LEXIS 87079, at *21–24 (S.D. Ohio June 26, 2014) ("Specifically, Plaintiffs lack statutory standing under the civil RICO provisions because they fail to allege injury to their 'business or property.' . . . It is well settled that personal injury is not cognizable under RICO's civil remedies provision."); *Lewis v. Drouillard*, 788 F. Supp. 2d 567, 570 (E.D. Mich. 2011) (Because Plaintiffs'

8

alleged damages are intimately related to their personal injuries, they do not have standing to sue under RICO."). Therefore, Plaintiff's RICO claims are **DISMISSED WITH PREJUDICE**.

### D. Leave to Amend

Having analyzed the pleadings, the Court **GRANTS** Plaintiff leave to amend his complaint so that he may have an opportunity to address the various Rule 8 pleading deficiencies identified in this Order. Plaintiff's amended complaint should set out his claims in distinct and separate counts that: (i) clearly identify and label the claim/cause of action asserted in that count; (ii) provide citation to the specific statute, Amendment, or legal basis under which each specific claim is brought; (iii) clearly identify the defendant(s) against whom each specific claim is asserted; and (iv) identify the specific factual allegations that apply to each specific defendant or defendants, if a claim is asserted against more than one defendant. Plaintiff is warned that any claim or request for relief that asks a federal court to interfere with or assume jurisdiction over a criminal state court proceeding is improper and will be subject to dismissal. Plaintiff shall ***not*** replead any of the claims that the Court dismissed with prejudice (RICO and criminal statute claims).

### D. Premature and Frivolous Filings

The Court notes that Plaintiff has submitted a large number of filings in this action in a short amount of time. The same day Plaintiff filed his original complaint and motion to proceed *in forma pauperis*, he filed nine motions (*e.g.*, motion to compel discovery, motion to freeze assets, motion for evidentiary hearing), a notice of pending federal litigation, and a judicial notice of evidence and facts. (ECF Nos. 3–16). On July 28, 2025, after filing his amended complaint, Plaintiff filed four additional motions and three notices. (ECF Nos. 25–31). Because the Court is dismissing the complaint and amended complaint, all pending motions are **DENIED**.

9

The Court separately notes that all of Plaintiff's various motions, notices, and affidavits are either premature, frivolous, or otherwise improper at this stage of the proceeding. Plaintiff has also established a pattern of submitting voluminous and largely frivolous filings across various state and federal cases. In the pending state court proceedings against Plaintiff in the Willoughby Municipal Court, Plaintiff appears to have engaged in vexatious, harassing, and abusive filings. *See City of Willoughby Hills v. Green*, Nos. 25CRB01375, 25TRD02827 (Willoughby Mun. Ct. July 14, 2025). In each of these state court cases, Plaintiff filed 181 affidavits, motions, demands, notices, and other miscellaneous documents in less than one month. *See id.* After filing more than 40 of those documents in each case in the first 8 days that the cases were active, the Willoughby Municipal Court Magistrate issued an order on July 30, 2025, striking them from the record because they did not comply with the Ohio Rules. On July 31, 2025, the day after the Magistrate issued that Order, Plaintiff responded by submitting an additional 42 filings in just one day.

Having reviewed Plaintiff's voluminous and repetitive filings in federal and state court, Plaintiff's conduct appears to reflect a strategy and intent to flood the Willoughby Municipal Court, this Court, and the defendants with large amounts of paperwork in an attempt to impede the progress of the pending state court prosecutions against Plaintiff. While the Court cannot stop Plaintiff from using this tactic in state court, it can curtail such tactics in federal court if such conduct is continued by Plaintiff. Federal courts have both the inherent power and constitutional obligation to protect their jurisdiction from conduct which impairs the ability to carry out Article III functions. *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986). Moreover, the Court has the responsibility to prevent litigants from unnecessarily encroaching on judicial machinery needed by others. *Id.* To achieve these ends, the United States Court of Appeals for the Sixth Circuit has approved enjoining vexatious and harassing litigants by requiring them to obtain leave

10

of court before submitting additional filings. *See, e.g.*, *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998) ("There is nothing unusual about imposing prefiling restrictions in matters with a history of repetitive or vexatious litigation."); *Filipas v. Lemons*, 835 F.2d 1145 (6th Cir. 1987); *see also Wrenn v. Vanderbilt Univ. Hosp.*, Nos. 94-5453, 94-5593, 1995 U.S. App. LEXIS 5470, 1995 WL 111480, at *3 (6th Cir. Mar. 15, 1995) ("This court has the authority to enjoin harassing litigation under its inherent authority and the All Writs Act, 28 U.S.C. § 1651 (a).").

Thus, the Court warns Plaintiff that if he should continue to file frivolous, premature, or otherwise improper motions, notices, and other documents in this Court, he will be deemed a vexatious litigator and the Court will issue appropriate sanctions, which may include filing restrictions or monetary fines.

## V. CONCLUSION

For the foregoing reasons, the complaint and amended complaint are **DISMISSED** pursuant to 28 U.S.C. §1915(e). Plaintiff's RICO claims and his claims premised on various criminal statutes are **DISMISSED WITH PREJUDICE**. Plaintiff is **GRANTED** leave to file an amended complaint in accordance with the instructions of this Order on or before September 16, 2025. Plaintiff's various pending motions (ECF Nos. 3–4, 6–7, 9, 11–16, 25–26, 29–30) and any outstanding requests are **DENIED**.

**IT IS SO ORDERED.**

Date: August 26, 2025

_____
**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**