UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JONATHAN MICHAEL GREEN, | ) | CASE NO. 1:25-cv-1512 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| v. | ) | |
| | ) | |
| WILLOUGHBY HILLS POLICE DEPARTMENT, *et al.*, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| Defendants. | ) | |

After the Court dismissed the initial pleadings and granted a limited leave to amend upon initial screening, (ECF No. 32), Plaintiff Jonathan Michael Green, who is proceeding *pro se* and *in forma pauperis*, has filed a motion for leave to file a second amended complaint, (ECF No. 33), as well as moved for recusal of the undersigned, (*see* ECF Nos. 42–50). For the reasons discussed below, Plaintiff's request for recusal is **DENIED**, his motion for leave to amend is **DENIED**, and this action is **DISMISSED**.

**I.    BACKGROUND**

On June 28, 2025, officers of the Willoughby Hills Police Department ("WHPD") initiated and conducted a traffic stop of a vehicle in which Plaintiff was a passenger, during which the officers searched Plaintiff's personal property without his consent or a warrant. (ECF No. 33-1, PageID #440–41). Plaintiff was issued two traffic citations for violating city ordinances regarding open containers and tinted glass (both minor misdemeanors), which resulted in the initiation of state court proceedings against Plaintiff in the Willoughby Municipal Court on July 14, 2025. *See City of Willoughby Hills v. Green*, Nos. 25CRB01375, 25TRD02827 (Willoughby Mun. Ct. July

14, 2025). These state court proceedings are currently pending, with Plaintiff failing to appear for the bench trial set for September 17, 2025.[1] *See id.*

On July 18, 2025, Plaintiff initiated this federal action by filing his initial civil rights complaint. (ECF No. 1). This initial complaint provided various allegations that: (i) the June 28, 2025 traffic stop and search were initiated without probable cause or consent; (ii) various City of Willoughby Hills ("Willoughby") officials and employees provided delayed, incomplete, or obstructive responses to various records requests by Plaintiff; and (iii) WHPD Chief Matthew Naegele sent a "retaliatory letter to Plaintiff stating that the "matter is closed" in response to sworn affidavits and other notices submitted by Plaintiff to the WHPD and city officials. (*Id.* at PageID #5–13). The same day, Plaintiff filed twelve motions, (ECF Nos. 2–4, 6–7, 9, 11–16), and three notices, (ECF Nos. 5, 8, 10).

On July 28, 2025, Plaintiff filed an amended complaint that purported to add eighteen additional defendants (all various Willoughby officials or employees) and asserted RICO, § 1983, and criminal statute claims against these new defendants. (ECF No. 22). The same day, Plaintiff filed five affidavits, (ECF Nos. 17–21); he also filed four new motions, (ECF Nos. 25–26, 29–30), two new affidavits, (ECF Nos. 23–24), and three notices, (ECF Nos. 27–28, 31).

On August 26, 2025, the Court issued a Memorandum Opinion and Order, wherein it conduct an initial screening of Plaintiff's complaint and amended complaint under 28 U.S.C. § 1915(e) ("Opinion"). (ECF No. 32). As the Court found, the initial pleadings were insufficient because they failed to meet the minimum pleading requirements under Rule 8 and they constituted impermissible shotgun pleading in violation of Rule 10(b). (*Id.* at PageID #425–27). The Court

---

[1] Based on his failure to appear for the bench trial on Case Nos. 25CRB01375 and 25TRD02827, complaint and summons was issued charging Plaintiff with contempt. *See* Compl., *Ohio v. Green*, No. 25CRB08164 (Willoughby Mun. Ct. Sept. 17, 2025).

granted Plaintiff leave to amend his complaint to fix these general pleading deficiencies but denied leave to replead certain claims that were dismissed with prejudice because those claims failed as a matter of law and amendment would be futile. The claims dismissed with prejudice included: (i) all claims asserted under various criminal statues; and (ii) all RICO claims. (*Id.* at PageID #427–30). In granting leave to amend the Court provided the following instructions and warnings:

> Having analyzed the pleadings, the Court **GRANTS** Plaintiff leave to amend his complaint so that he may have an opportunity to address the various Rule 8 pleading deficiencies identified in this Order. Plaintiff's amended complaint should set out his claims in distinct and separate counts that: (i) clearly identify and label the claim/cause of action asserted in that count; (ii) provide citation to the specific statute, Amendment, or legal basis under which each specific claim is brought; (iii) clearly identify the defendant(s) against whom each specific claim is asserted; and (iv) identify the specific factual allegations that apply to each specific defendant or defendants, if a claim is asserted against more than one defendant. Plaintiff is warned that any claim or request for relief that asks a federal court to interfere with or assume jurisdiction over a criminal state court proceeding is improper and will be subject to dismissal. Plaintiff shall not replead any of the claims that the Court dismissed with prejudice (RICO and criminal statute claims).

(*Id.* at PageID #430). The Court ordered Plaintiff to file an amended complaint in compliance with the instructions of the Opinion by September 16, 2025. (*Id.* at PageID #432).

In the Opinion, the Court also noted that: (i) Plaintiff had submitted a large number of filings in a short time; (ii) Plaintiff's various motions, notices, and affidavits were either premature, frivolous, or otherwise improper at this stage of the proceeding; (iii) Plaintiff had similarly submitted a large volume of filings in the two state court cases underlying this action; and (iv) Plaintiff appeared to have engaged in a pattern of vexatious, harassing, and abusive filings. (*Id.* at PageID #430–31). Explaining the Court's power to protect against vexatious conduct, it warned Plaintiff that "if he should continue to file frivolous, premature, or otherwise improper motions, notices, and other documents in this Court, he will be deemed a vexatious litigator and

the Court will issue appropriate sanctions, which may include filing restrictions or monetary fines." (*Id.* at PageID #431–32).

The same day, before Plaintiff had received notice of the Opinion—and the Court's grant of limited leave to amend—in the mail, Plaintiff moved for leave to file a second amended complaint. (ECF No. 33). Plaintiff attached a proposed second amended complaint that asserted four counts: (i) violation of RICO; (ii) conspiracy to violate RICO; (iii) deprivation of constitutional rights under § 1983; and (iv) conspiracy to violate civil rights under § 1985. (ECF No. 33-1). Plaintiff also filed a motion for a protective order, (ECF No. 34), seven affidavits, (ECF Nos. 35–41), and two notices, (ECF No. 42, 43).

The day after, in response to the Court's Opinion, Plaintiff submitted seven new filings: (i) two affidavits alleging bias and corruption of the undersigned, (ECF Nos. 44, 45); (ii) two notices of the same nature, (ECF Nos. 46, 47); (iii) a motion to strike the Opinion, (ECF No. 48); (iv) a motion for a preliminary injunction to enjoin the undersigned from issuing further orders in this case, (ECF No. 49); and (v) a motion to amend the pleadings to add the undersigned as a defendant, (ECF No. 50). In general, these seven filings seek the disqualification and recusal of the undersigned from this action. (*See* ECF Nos. 44–50). Given the nature of these various filings and the relief requested within them, the Court construes the seven filings together as a motion to recuse/disqualify the undersigned. Plaintiff also filed a notice of appeal challenging the Opinion on September 8, 2025. (ECF No. 50). Plaintiff did not file an amended complaint by the Court's deadline.

On September 17, 2025, the Court ordered Plaintiff to show cause, on or before September 23, 2025, for his failure to comply with the Opinion and file a compliant amended complaint by the September 16, 2025 deadline and failure to seek an extension of time as to the same. (ECF

No. 53). The Court warned Plaintiff that a failure to respond to the show cause order, or to demonstrate good cause, may result in dismissal of this action pursuant to Fed. R. Civ. P. 41(b). (*Id.* at PageID #541). The deadline to show cause has passed without Plaintiff filing a response.

## III. DISCUSSION

### A. Motions to Recuse/Disqualify

As discussed above, the Court has construed Plaintiff's various filings on August 27, 2025 (ECF Nos. 44–50) as a request for recusal of the undersigned. Under 28 U.S.C. § 455, a judges shall recuse himself " in any proceeding in which his impartiality might reasonably be questioned" or "[w]here he has a personal bias or prejudice concerning a party[.]" 28 U.S.C. §§ 455(a), (b)(1). "The burden is on the moving party to justify disqualification." *Burley v. Gagacki*, 834 F.3d 606, 616 (6th Cir. 2016). The Sixth Circuit has described the standard applied to motions to recuse as follows:

> "It has long been the law of this circuit that a judge must recuse himself if a reasonable, objective person, knowing all of the circumstances, would have questioned the judge's impartiality." *United States v. Sammons*, 918 F.2d 592, 599 (6th Cir. 1990) (quotation omitted). "The standard is an objective one; hence, the judge need not recuse himself based on the subjective view of a party no matter how strongly that view is held." *Id.* (quotation omitted). It follows that "[c]onclusions, rumors, beliefs, and opinions are not sufficient to form a basis for disqualification." *Gen. Aviation Inc. v. Cessna Aircraft Co.*, 915 F.2d 1038, 1043 (6th Cir. 1990) (quoting *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987) (per curiam)). Instead, "[m]otions to recuse under 28 U.S.C. § 455(a) must rest on the kind of objective facts that a reasonable person would use to evaluate whether an appearance of impropriety had been created." *United States v. Martorano*, 866 F.2d 62, 68 (3d Cir. 1989).

*In re Nat'l Prescription Opiate Litig.*, No. 25-3429, 2025 U.S. App. LEXIS 23052, at *7–8 (6th Cir. Sep. 5, 2025).

The Court finds that there is no legitimate basis for recusal of the undersigned from this case. First, Plaintiff's filings generally attack the legal conclusions of the Opinion and argue that

recusal is required because the Court's ruling demonstrates a lack of impartiality and bias against Plaintiff.  (*See generally* ECF Nos. 44–50).  However, the prejudice or bias required to justify recusal of a judge must be personal or extrajudicial.  *United States v. Sammons*, 918 F.2d 592, 599 (6th Cir. 1990); *In re M. Ibrahim Khan, P.S. C.*, 751 F.2d 162, 164 (6th Cir. 1984).  "Personal bias is prejudice that emanates from some source other than participation in the proceedings or prior contact with related cases."  *United States v. Nelson*, 922 F.2d 311, 319–20 (6th Cir.1990) (internal quotation marks omitted).  Plaintiff does not identify any personal or extrajudicial source of bias from the undersigned; nor does he set forth any specific facts demonstrating any personal bias against him based on extrajudicial sources.  He primarily focuses on the Court's decisions thus far in this case; but "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion."  *Liteky v. United States*, 510 U.S. 540, 555, 114 S. Ct. 1147, 127 L. Ed. 2d 474 (1994).  Plaintiff's disagreement with the Court's decision to dismiss the initial pleadings and allow limited leave to amend is simply a not a valid basis for recusal of the undersigned.

Second, the mere fact that Plaintiff has accused the undersigned of judicial misconduct does not require recusal, particularly given the baseless nature of the accusations.  *See Harris v. Geico Gen. Ins. Co.*, 961 F. Supp. 2d 1223, 1227–28 (S.D. Fla. 2013) ("A judge, having been assigned to a case, should not recuse himself on unsupported, irrational, or highly tenuous speculation."); *Smartt v. United States*, 267 F. Supp. 2d 1173, 1177 (M.D. Fla. 2003) (explaining that "[i]t has long been established that a party cannot force a judge to recuse himself by engaging in personal attacks on the judge" and further finding that a party cannot "force recusal by making baseless ethical attacks on the assigned judge, or to intimidate the assigned judge through frivolous complaints of judicial misconduct").  Moreover, given the tenor of Plaintiff's filings and his unsubstantiated, unsupported, and speculative claims against the undersigned, the Court is

convinced that Plaintiff is attempting to manipulate the system in order to get a new judge assigned, which Plaintiff hopes will result in a more favorable outcome. Accordingly, Plaintiff's request for recusal of the undersigned, as well as ECF Nos. 48, 49, and 50, are all **DENIED.**

      **B.**      **Motions for Leave to Amend**

Plaintiff's Motion for Leave to File Second Amended Complaint (ECF No. 33) is **DENIED** for two reasons. First, it is denied as moot because it was filed before Plaintiff had received notice of the Court's Opinion, wherein the Court granted specific, limited leave to file an amended complaint. The motion is alternatively denied because it does not comply with the instructions and requirements of the leave to amend granted by the Court. The proposed second amended complaint (ECF No. 33-1) does not address or correct the specific Rule 8 and 10 pleading deficiencies noted by the Court in the Opinion, (ECF No. 32, PageID #425–27). The proposed second amended complaint also asserts two RICO claims, (ECF No. 33-1, PageID #449–51), in contravention of the Opinion which dismissed Plaintiff's RICO claims *with* prejudice and instructed Plaintiff to not replead such claims, (ECF No. 32, PageID #430). Finally, the proposed second amended complaint also asserts claims under § 1985 that fail as a matter of law.[2] (ECF No. 33-1, PageID #452–53). Thus, even if the Court conducted another § 1915 screening of the proposed second amended complaint, it would be subject to dismissal and the Court would deny leave to amend as futile.

---

[2] Setting aside the pleadings deficiencies under Rule 8, these claims fail as a matter of law because under either § 1985(2) or § 1985(3), "a plaintiff must allege that there was 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action.'" *Fox v. Mich. State Police Dep't*, 173 F. App'x 372, 376 (6th Cir. 2006) (quoting *Kush v. Rutledge*, 460 U.S. 719, 726, 103 S. Ct. 1483, 75 L. Ed. 2d 413 (1983)). Plaintiff alleges that he is a "member of a class of citizens who dare to challenge and seek accountability from corrupt government officials." (ECF No. 33-1, PageID #453). There is no caselaw to establish or even suggest that citizens who challenge corrupt government officials constitute a protected class for purposes of § 1985. To the extent Plaintiff wished to assert a claim under the first clause of § 1985(2), such a claim fails because the proposed claim concerns state-court proceedings and the first clause solely "prohibits conspiracies to influence parties, witnesses, or jurors in federal court proceedings." *Fox v. Mich. State Police Dep't*, 173 F. App'x 372, 376 (6th Cir. 2006).

### C. Dismissal of the Case – Failure to Comply/Prosecute

The Opinion dismissed the initial pleadings and granted Plaintiff leave to file an amended complaint by September 16, 2025, providing Plaintiff with the opportunity to cure the myriad of pleadings deficiencies recognized by the Court and reassert the claims that had been dismissed *without* prejudice. Rather than complying with the Court's order, Plaintiff chose to ignore the Court's instructions, submit a volume of filings that challenged the Court's decision, seek recusal of the undersigned through conclusory and unsupported allegations, and file an appeal of the Opinion to the Sixth Circuit. When the time to file a compliant amended complaint had passed, the Court gave Plaintiff an opportunity to show cause for his failure to comply with the Court's instructions, and Plaintiff again chose to disregard the Court's order.

Pursuant to Fed. R. Civ. P. 41(b), a federal district court has the inherent power to *sua sponte* dismiss a case for failure to prosecute or comply with a court order. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–32, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962); *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) ("It is well settled that a district court has the authority to dismiss *sua sponte* a lawsuit for failure to prosecute."); *Steward v. City of Jackson*, 8 F. App'x 294, 296 (6th Cir. 2001). Separately, "a district court has inherent power to 'protect the due and orderly administration of justice and . . . maintain the authority and dignity of the court. . . ." *Bowles v. City of Cleveland*, 129 F. App'x 239, 241 (6th Cir. 2005) (quoting *Cooke v. United States*, 267 U.S. 517, 539, 69 L. Ed. 767, 45 S. Ct. 390 (1925)) (alterations adopted). In determining whether a case should be dismissed for failure to prosecute under Rule 41(b), the Sixth Circuit has held that a court should consider the following factors:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered. . . .

*Rodriguez v. Hirshberg Acceptance Corp.*, 62 F.4th 270, 277 (6th Cir. 2023) (quoting *Tung-Hsiung Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005)) (internal quotation marks omitted). "While none of these factors is dispositive, a case may be dismissed by a district court where there is a clear record of delay or contumacious conduct on the part of the plaintiff." *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001).

Considering the above factors, the Court finds that dismissal for failure to prosecute is warranted. Plaintiff's actions in this case, his related case before this Court (Case No. 1:15-cv-1513), and state court, demonstrate an unwillingness to comply with procedural rules and judicial orders and further indicate bad faith attempts to manipulate the system. Plaintiff was given opportunities to fix the deficiencies in his pleadings, and he was warned that a failure to comply with the Court's orders would result in dismissal. Finally, the Court finds that a lesser sanction is not warranted and would ultimately prove fruitless given Plaintiff's conduct throughout this proceeding and his continual voluminous filing of frivolous documents in state and federal courts. The Court also finds that dismissal is warranted under the Court's inherent authority to "protect the due and orderly administration of justice and . . . maintain the authority and dignity of the court", particularly given the spurious and unsupported attacks on the undersigned. *See Bowles*, 129 F. App'x at 241. Accordingly, this action is **DISMISSED**.

        D.      **Vexatious Filings and Litigation**

As noted in the Opinion, nearly all of Plaintiff's various motions, notices, and affidavits are either premature, frivolous, or otherwise improper at this stage of the proceeding. Plaintiff has also established a pattern of submitting voluminous and largely frivolous filings across various state and federal cases. In the pending state court proceedings against Plaintiff in the Willoughby Municipal Court, Plaintiff appears to have engaged in vexatious, harassing, and abusive filings.

*See City of Willoughby Hills v. Green*, Nos. 25CRB01375, 25TRD02827 (Willoughby Mun. Ct. July 14, 2025). In each of these state court cases, Plaintiff filed 181 affidavits, motions, demands, notices, and other miscellaneous documents in less than one month. *See id.* After filing more than 40 of those documents in each case in the first 8 days that the cases were active, the Willoughby Municipal Court Magistrate issued an order on July 30, 2025, striking them from the record because they did not comply with the Ohio Rules. On July 31, 2025, the day after the Magistrate issued that Order, Plaintiff responded by submitting an additional 42 filings in just one day.

The Court previously warned Plaintiff that "if he should continue to file frivolous, premature, or otherwise improper motions, notices, and other documents in this Court, he will be deemed a vexatious litigator and the Court will issue appropriate sanctions, which may include filing restrictions or monetary fines." (ECF No. 32, PageID #432). Despite this warning, Plaintiff has continued with the same voluminous, frivolous filings in this case. For example, Plaintiff submitted nineteen filings in the four days after the Court issued the Opinion. (ECF Nos. 33–51).

Having reviewed Plaintiff's voluminous and repetitive filings in federal and state court, the Court again finds that Plaintiff's conduct appears to reflect a strategy and intent to flood the Willoughby Municipal Court, this Court, and Defendants with large amounts of paperwork in an attempt to impede the progress of the pending state court prosecutions against Plaintiff. Plaintiff's filings also appear to reflect efforts to manipulate the system in an effort to receive favorable rulings, as evidenced by continual attacks and allegations against judges, officials, and employees in state and federal court. Federal courts have both the inherent power and constitutional obligation to protect their jurisdiction from conduct which impairs the ability to carry out Article III functions. *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986). Moreover, the Court has the responsibility to prevent litigants from unnecessarily encroaching on judicial machinery needed

by others. *Id.* To achieve these ends, the United States Court of Appeals for the Sixth Circuit has approved enjoining vexatious and harassing litigants by requiring them to obtain leave of court before submitting additional filings. *See, e.g.*, *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998) ("There is nothing unusual about imposing prefiling restrictions in matters with a history of repetitive or vexatious litigation."); *Filipas v. Lemons*, 835 F.2d 1145 (6th Cir. 1987); *see also Wrenn v. Vanderbilt Univ. Hosp.*, Nos. 94-5453, 94-5593, 1995 U.S. App. LEXIS 5470, 1995 WL 111480, at *3 (6th Cir. Mar. 15, 1995) ("This court has the authority to enjoin harassing litigation under its inherent authority and the All Writs Act, 28 U.S.C. § 1651 (a).").

Therefore, because Plaintiff has established a pattern of submitting an excessive number of documents for filing in this Court, as well as the state court, Plaintiff is enjoined from filing any other documents in this case. The Clerk's Office is directed to return any such documents to Plaintiff unfiled. Additional attempts to file documents in this case or to bypass this Order may result in the imposition of sanctions.

Furthermore, Plaintiff has established a pattern of filing documents that are patently frivolous and vexatious and appear calculated to harass opposing parties and the court and to abuse the judicial process. Accordingly, Jonathan Michael Green is permanently enjoined from filing any new lawsuits in the Northern District of Ohio without seeking and obtaining leave of court from the Chief Judge or the Miscellaneous Duty Judge in accordance with the following:

> 1. Prior to filing any new lawsuit, he must file a "Motion Pursuant to Court Order Seeking Leave to File" with any document he proposes to file, and he must attach a copy of this Order to it (any such Motion should be filed in a miscellaneous case).
>
> 2. As an exhibit to any Motion seeking such leave, he must also attach a declaration which has been prepared pursuant to 28 U.S.C. § 1746 or a sworn affidavit certifying that (a) the document raises a new issue which has never been previously raised by him in this or any other court, (b) the claim or issue is not frivolous, and (c) the document is not filed in bad faith.

>3. By means of a second exhibit, he must identify and list: (a) the full caption of each and every suit which has been previously filed by him or on his behalf in any court against each and every defendant in any new suit he wishes to file, and (b) the full caption of each and every suit which he has currently pending.
>
>4. As a third exhibit to the Motion, he must provide a copy of each complaint identified and listed in accordance with the foregoing Paragraph 3 and a certified record of its disposition.

The Court may deny any Motion Pursuant to Court Order Seeking Leave to File if the proposed document is frivolous, vexatious, or harassing. If the Motion is denied, the document shall not be filed. Further, Plaintiff's failure to comply with the terms of this Order shall be sufficient grounds for this Court to deny any Motion Pursuant to Court Order Seeking Leave to File, and it may be considered an act of contempt for which he may be sanctioned accordingly.

Additionally, to prevent future harassment by Plaintiff and the waste of this Court's limited resources, the Clerk's Office is instructed as follows:

>1. Any document submitted by Plaintiff prior to him obtaining leave to file shall not be filed unless it is specifically identified as a "Motion Pursuant to Court Order Seeking Leave to File" and unless it contains: (a) an affidavit or sworn declaration as required by this order, (b) a copy of this Memorandum of Opinion, and (c) the exhibits required by this Memorandum of Opinion.
>
>2. The Clerk's Office shall not accept any filing fees, cover sheets, in forma pauperis applications, summonses, U.S. Marshals Forms, subpoenas, letters, or exhibits in connection with any Motion Pursuant to Court Order Seeking Leave to File that Plaintiff files, unless and until leave is granted.

Finally, if Plaintiff files a case in state court or in another federal court and that case is subsequently removed or transferred to the Northern District of Ohio, Plaintiff shall, within ten (10) days of the removal or transfer, file a Motion Pursuant to Court Order Seeking Leave to File that complies with this Order. Failure to do so will result in immediate dismissal of the action without further notice.

V.     CONCLUSION

For the foregoing reasons, Plaintiff's request for recusal, and the associated motions (ECF Nos. 48, 49, 50), are **DENIED**, his motion for leave to file a second amended complaint (ECF No. 33) is **DENIED**, and this case is **DISMISSED** for failure to comply with Court's orders and failure to prosecute pursuant to Fed. R. Civ. P. 41(b) and the Court's inherent authority.  Any other pending requests or motions (ECF No. 34) are also **DENIED**.  Furthermore, Plaintiff is permanently enjoined from filing any new lawsuits in the Northern District of Ohio without seeking and obtaining leave of court from the Chief Judge or the Miscellaneous Duty Judge in compliance with this Order.

**IT IS SO ORDERED.**

Date: September 25, 2025

_____
**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**